IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY DANIEL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 3:05cv1110-F |
| ) | |
| CITY OF LANETT, ALABAMA, ) | |
| ) | PLAINTIFF DEMANDS TRIAL |
| Defendants. ) | BY STRUCK JURY. |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA"), and sec. 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391, as the events in question occurred in the City of Lanett, Alabama.

### PARTIES

4. The plaintiff, Terry Daniel, was more than 19 years old at the time of the events in question, and is an employee of the City of Lanett.

5. Defendant City of Lanett, Alabama is a municipal entity who is an employer for

purposes of the ADA, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964.

## ADMINISTRATIVE REMEDIES

6. Mr. Daniel filed a Charge of Discrimination (Charge No. 130 2005 03666) with the with the Equal Employment Opportunity Commission ("EEOC") on or about April 20, 2005, within 180 days of the acts of discrimination of which he complains. A copy of this Charge is attached hereto as Exhibit 1.

7. The EEOC issued a Dismissal and Notice of Rights for Charge No. 130 2005 03666 on September 6, 2005. A copy of this document is attached hereto as Exhibit 2.

8. Mr. Daniel instituted this action within 90 days of his receipt of his Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

9. Mr. Daniel adopts and realleges the factual allegations above as if fully set forth in full herein.

10. Mr. Daniel began working for the defendant on July 7, 1978, as a paid volunteer Firefighter.

11. The defendant hired Mr. Daniel as a full time Firefighter and ambulance driver on November 13, 1981.

12. Mr. Daniel's level of medical training is basic emergency medical technician ("Basic EMT").

13. In 1983, Mr. Daniels assumed the duties and responsibilities for the position of Fire Cause Investigator.

14. In 1989, the defendant promoted Mr. Daniel to the position of Lieutenant.

15. In 1994, the defendant promoted Mr. Daniel to the position of Apparatus Operator.

16. The position of Apparatus Operator steps up to the position of Captain in the Captain's absence.

17. Mr. Daniel filled in as Captain on several occasions.

18. Mr. Daniel assumed the duties and responsibilities of Fire Captain from September 1994, through February 1995.

19. Mr. Daniel assumed the duties and responsibilities of Fire Captain from August 1995, through December 1995.

20. Mr. Daniel assumed the duties and responsibilities of Fire Captain from January 2001, through March 2001.

21. Mr. Daniel received commendations for his performance when he would fill in as a Captain.

22. Mr. Daniel's current supervisors are Captain Kelley Meachum and Fire Chief Anthony Johnson.

23. Mr. Daniel filed a Charge of Discrimination with the EEOC against the defendant in 1996, in which Mr. Daniel alleged that the defendant discriminated against him in violation of the ADA. Mr. Daniel's EEOC Charge alleged that he requested and was denied a reasonable accommodation for his disability.

24. Upon receiving Mr. Daniel's 1996 EEOC Charge, the defendant sent Mr. Daniel

home for three and one half months.

25. Mr. Daniel's 1996 EEOC Charge was resolved at the EEOC level.

26. Mr. Daniel filed a Charge of Discrimination with the EEOC against the defendant in 1999, in which Mr. Daniel alleged that the defendant discriminated against him in violation of the ADA. Mr. Daniel's EEOC Charge alleged that he had previously been denied promotions to the position of Captain on at least three (3) separate occasions in retaliation for his complaints of disability discrimination.

27. When Mr. Daniel asked the then Chief of Police, Ralph Cobb, why he had not received a promotion, he was told it was because the defendant had a problem with Mr. Daniel's complaints in the past.

28. Mr. Daniel filed suit in the United States District Court for the Middle District of Alabama on April 4, 2000, alleging retaliation and discrimination in violation of the ADA. Mr. Daniel's lawsuit alleged that he had previously been denied a promotion to the position of Captain on at least three (3) separate occasions in retaliation for his complaints of disability discrimination.

29. Mr. Daniel's lawsuit was resolved after the defendant's motion for summary judgment was denied.

30. Mr. Daniel's coworkers teased him about his protected activity.

31. On November 3, 2004, Mr. Daniel spoke with Shirley Motley, Acting City Manager/City Clerk, about negative comments being made towards him at the fire department relating to his past complaints of discrimination/legal activity.

32. On November 9, 2004, Chief Johnson asked Mr. Daniel if he had an agreement due

to his lawsuit with the defendant that he would be promoted to the position of Captain when such a position became available.

33. On November 9, 2004, Mr. Daniel attempted to schedule a meeting with the Mayor for the defendant, Oscar Crawley, so that he could complain about the negative comments he was experiencing concerning his prior protected activity.

34. On or around November 15, 2004, the Chief Johnson told Mr. Daniel that the City was going to post a vacancy for the position of Captain.

35. On December 3, 2004, Mr. Daniel spoke with the Mayor and asked to meeting with him about the comments he was experiencing. The Mayor said he would meet with Mr. Daniel on December 6, 2004.

36. Mr. Daniel's December 6, 2004, meeting with the Mayor did not occur.

37. On or about December 8, 2004, a second Captain's position was posted for applications.

38. On or about December 12, 2004, Mr. Daniel found a Garfield cartoon posted on a bulletin board in his workplace. A copy of this cartoon is attached hereto as Exhibit 3.

39. The cartoon had been modified such that the Garfield character was labeled "Terry" and the male owner was labeled "Kelly."

40. Upon information and belief, the "Kelly" referenced in the cartoon was Captain Kelley Meacham.

41. Mr. Daniel found the cartoon to be insulting and to be making fun of his past lawsuit and EEOC Charges.

42. Mr. Daniel complained to his Captain about this cartoon.

43. Mr. Daniel's Captain replied that he had already seen the cartoon.

44. Mr. Daniel applied for the vacant Captain's positions.

45. Mr. Daniel was qualified for the position of Captain.

46. Mr. Daniel was equally or more qualified for the position of Captain than the other applicants seeking the position.

47. The defendant's policies and procedures require that the top three (3) applicants for a position receive interviews.

48. The defendant's policies and procedures relating to conditions of employment provide that the defendant will give first consideration to promotion to qualified classified employees when filling vacancies based on 1) quality of past job performance, 2) ability, and 3) seniority.

49. Mr. Daniel was selected as one of the top three (3) candidates for the two (2) vacancies for Captain.

50. Captain Kelley Meachum told Mr. Daniel that he recommended and selected him for one of the Captain's vacancies.

51. Mr. Daniel did not receive an interview for the position of Captain in 2004.

52. On or about December 15, 2005, the Captains' positions were awarded to Tim Jennings and Sam Thrower.

53. The defendant did not follow its policies and procedures relating to promotions with respect to the Captains' positions awarded to Tim Jennings and Sam Thrower.

54. Mr. Jennings began working for the defendant in February 1992.

55. Mr. Thrower began working for the defendant in February 1994.

56. Mr. Daniels had greater seniority with the defendant than Mr. Jennings and/or Mr. Thrower.

57. Upon information and belief, neither Mr. Jennings nor Mr. Thrower have filed EEOC Charges against the defendant, filed lawsuits against the defendant, and/or complained of discrimination to the defendant.

58. On December 15, 2005, Mr. Daniel met with the Mayor to further discuss not only the comments he was experiencing, but also the denial of his promotion to Captain.

59. Mr. Daniel did not see a response to his complaints made to the Mayor.

## COUNT I

### TITLE VII, AMERICANS WITH DISABILITIES ACT, REHABILITATION ACT
### RETALIATION

60. Plaintiff adopts and realleges Paragraphs 1-59 above as if fully set forth in full herein.

61. On or about December 15, 2005, the defendant denied Mr. Daniel a promotion to the position of Captain.

62. The defendant denied Mr. Daniel a promotion to the position of Captain due to his prior protected activity.

63. Upon information and belief, the defendant has engaged in a pattern and practice of retaliation.

64. Because of the defendant's retaliation, Mr. Daniel suffered economic and emotional

distress.

WHEREFORE, PREMISES CONSIDERED, Mr. Daniel respectfully requests the entry of a judgment against the defendant for violations of the Americans with Disabilities Act, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., pursuant to an order awarding:

    a.    Declaratory relief including a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII and/or the ADA;

    b.    Compensatory damages;

    c.    Nominal damages;

    d.    Injunctive relief, including, but not limited to, a) a permanent injunction enjoining the defendant's agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate the plaintiff's rights pursuant to Title VII, the ADA, and the Rehabilitation Act, and b) backpay, promotion and/or reasonable front pay;

    e.    That relief which is fair, just and equitable under the circumstances of the case;

    f.    Reasonable attorney fees; and

    g.    The costs of this suit.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.

Respectfully submitted,

*Heather Newsom Leonard*
Heather Newsom Leonard
Bar ID for Heather N. Leonard - NEW018
Attorney for Plaintiff
HEATHER LEONARD, P.C.
2108 Rocky Ridge Road, Suite One
Birmingham, AL 35216
Telephone:   (205) 978-7899
Facsimile:    (205) 278-1400
E-mail:         Heather@HeatherLeonardPC.com

PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:

The City of Lanett, Alabama
c/o Mayor Oscar Crawley
401 North Lanier Avenue
Lanett, Alabama 36863