IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:05cv1110-F |
| ) | |
| CITY OF LANETT, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW the Defendant, City of Lanett, Alabama, by and through its attorney of record, and responds to the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Denied.

2. Denied.

3. Denied.

### PARTIES

4. Admitted.

5. Denied at this time.

### ADMINISTRATIVE REMEDIES

6. Based upon information and belief, admitted.

7. Admitted.

8. Based upon information and belief, admitted.

## FACTUAL ALLEGATIONS

9. This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

10. Based upon information and belief, admitted.

11. Based upon information and belief, admitted.

12. Based upon information and belief, admitted.

13. Denied at this time.

14. Denied at this time.

15. Admitted.

16. Based upon information and belief, admitted.

17. Admitted.

18. Denied at this time.

19. Denied at this time.

20. Denied at this time.

21. Denied at this time.

22. Denied.

23. Based upon information and belief, admitted as to his claim.

24. Based upon information and belief, admitted.

25. Based upon information and belief, admitted.

26. Denied at this time.

27. Denied at this time.

28. Based upon information and belief, admitted.

29. The Defendant admits that the case was resolved.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Based upon information and belief, admitted.

35. Denied.

36. Denied.

37. Based upon information and belief, admitted.

38. Admitted.

39. Based upon information and belief, admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

53. Denied.

54. Based upon information and belief, admitted.

55. Based upon information and belief, admitted.

56. Denied.

57. Based upon information and belief, admitted.

58. Denied.

59. Denied.

## COUNT I
## TITLE VII, AMERICANS WITH DISABILITIES ACT, REHABILITATION ACT RETALIATION

60. This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

61. Denied as stated.

62. Denied.

63. Denied.

64. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

This Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

This Defendant pleads that the Plaintiff's claims are not a viable claim at law.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

The Defendant is entitled to qualified immunity with regard to Plaintiff's claims.

### SIXTH DEFENSE

All the Plaintiff's claims in his Complaint, which are not set forth in the EEOC charge are barred as outside the scope of the charge.

### SEVENTH DEFENSE

If Plaintiff proves that any decision regarding his employment was motivated in whole or in part by some type of unlawful intent, the Defendant will show that the same action would have been taken regardless of said unlawful intent.

## EIGHTH DEFENSE

The Defendant did not retaliate against Plaintiff.

## NINTH DEFENSE

There is no cause or connection between any alleged unlawful employment action asserted against this Defendant and any alleged protected conduct.

## TENTH DEFENSE

Any employment decision made regarding Plaintiff was not based upon any alleged protected activities, but were based on legitimate, non-discriminatory reasons.

## ELEVENTH DEFENSE

None of the decisions made by this Defendant regarding Plaintiff's employment was based on any protected conduct.

## TWELFTH DEFENSE

The Defendant's interest in the orderly administration of the City of Lanett Fire Department outweighs any alleged interest or entitlement of Plaintiff.

## THIRTEENTH DEFENSE

The Plaintiff does not have a right to be promoted or assigned to a coveted position by the Defendant.

## FOURTEENTH DEFENSE

This Defendant is not subject to punitive damages.

## FIFTEENTH DEFENSE

There is no cause or connection between any alleged unlawful conduct and any

mental anguish or emotional distress suffered by Plaintiff.

## SIXTEENTH DEFENSE

An excessive award of damages for emotional distress (whether so labeled or whether referred to by any similar phrase describing non-economic, compensatory damages) in this action would violate the due process and equal protection rights of the Defendant pursuant to Amendment XIV of the Constitution of the United States. Alabama's law regarding emotional distress damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide the Defendant with sufficient notice of the amount of such damages that might be awarded in a particular case. Instructions given to jurors regarding such damages provide no meaningful limitation on the amount of the damages that may be awarded and no constraint on the jury's award. Appellant review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on and instructions to the jury at trial.

## SEVENTEENTH DEFENSE

This Defendant incorporates and alleges each and every defense available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

The Court lacks jurisdiction over the subject matter.

## NINETEENTH DEFENSE

The Court lacks jurisdiction over the person of the Defendant.

### TWENTIETH DEFENSE

The Defendant at all times relevant hereto uses degree of care required of them under the law and are not liable in damages to the Plaintiff.

### TWENTY-FIRST DEFENSE

The Plaintiff is not entitled to any injunctive relief because he has an adequate remedy at law.

### TWENTY-SECOND DEFENSE

The actions and conduct complained of do not violate any constitutional, federal, or statutory right of which this Defendant should have reasonably been aware.

### TWENTY-THIRD DEFENSE

The Plaintiff is not entitled to recover any compensatory damages because his Complaint fails to allege disparate treatment.

### TWENTY-FOURTH DEFENSE

This Defendant pleads that the Plaintiff is not disabled as required by the ADA.

### TWENTY-FIFTH DEFENSE

The Plaintiff's alleged activity was not protected under Title VII.

### TWENTY-SIXTH DEFENSE

There is no causation between the Plaintiff's claim and any action by the Defendant.

### TWENTY-SEVENTH DEFENSE

The Plaintiff's job performance is not effected by his alleged disabling condition

pursuant to ADA.

## TWENTY-EIGHTH DEFENSE

The Plaintiff has failed to establish a claim of retaliation based upon the facts in the Complaint.

## TWENTY-NINTH DEFENSE

Plaintiff is not entitled to any relief, and any claim for compensation is barred by his or her failure to mitigate damages.

## THIRTIETH DEFENSE

This Defendant reserves the right to supplement this Answer as discovery continues.

Respectfully submitted,

/s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant


OF COUNSEL:

Webster, Henry & Lyons, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

DEFENDANT DEMANDS A JURY ON ALL COUNTS AND CLAIMS.

/s/ T. Randall Lyons

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was served upon the following on this the 20th day of December, 2005 via electronic transmission:

Heather Newsom Leonard
Heather Leonard, P.C.
2108 Rocky Ridge Road, Suite One
Birmingham, AL 35216

               /s/ T. Randall Lyons
               OF COUNSEL