## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DANIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 3:05cv01110-WKW |
| CITY OF LANETT, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

---

## AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO
## THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

STATE OF ALABAMA                )
COUNTY OF JEFFERSON          )

Before me, the undersigned Notary Public, in and for said County, in said State, personally appeared Terry Daniel, and after being duly sworn, under oath by me, deposes and says as follows:

1.  My name is Terry Daniel and I am a plaintiff in the above listed case. This affidavit is based on my personal knowledge of the facts set forth.

2.  I began working for the defendant on July 7, 1978, as a paid volunteer Firefighter.

3.    The defendant hired me as a full time Firefighter and ambulance driver on November 13, 1981.

4.    My level of medical training is basic emergency medical technician ("Basic EMT").

5.    In 1983, I assumed the duties and responsibilities for the position of Fire Cause Investigator.

6.    In1989, the defendant promoted me to the position of Lieutenant. Attached hereto as Exhibit 1is the Personnel Action form showing that I was a Lieutenant.

7.    In1994, the defendant promoted me to the position of Apparatus Operator.  The position of Apparatus Operator fills in for the position of Captain in the Captain's absence. I filled in as Captain on several occasions.  I assumed the duties and responsibilities of Fire Captain from September 1994, through February 1995.  I assumed the duties and responsibilities of Fire Captain from August 1995, through December 1995.  I assumed the duties and responsibilities of Fire Captain from January 2001, through March 2001.

8.    I received commendations for my performance when I filled in as a Captain. Exhibit 2.

9.    At the time relevant to my retaliation claim, my supervisors were Captain Kelley Meachum and Fire Chief Anthony Johnson.

10.    I filed a Charge of Discrimination with the EEOC against the defendant in 1996, in which I alleged that the defendant discriminated against me in violation of the ADA.  My charge was based on the fact that I requested and was denied a reasonable accommodation for my disability.  When the defendant received my 1996 EEOC Charge, it sent me home for three and one half months.  This Charge was ultimately resolved without proceeding to Court.

11.    I filed a second Charge of Discrimination with the EEOC against the defendant in 1999, in which because I was again the victim of discrimination in violation of the ADA.  I filed my Charge because I was denied promotions to the position of Captain on at least three (3) separate occasions in retaliation for my complaints of disability discrimination.

12.    When I asked the then Fire Chief, Ralph Cobb, why I did not received a promotion, he was told it was because the defendant had a problem with my complaints of discrimination in the past.

13.    I  filed suit in the United States District Court for the Middle District

of Alabama on April 4, 2000, alleging retaliation and discrimination in violation of the ADA. My lawsuit alleged that I had previously been denied a promotion to the position of Captain on at least three (3) separate occasions in retaliation for my complaints of disability discrimination.

14. My lawsuit was resolved after the defendant's motion for summary judgment was denied.

15. Since the time my lawsuit was resolved, to the time I applied for a Captain's position in 2004, there were no postings for Captain. I did not have an opportunity to seek a promotion to Captain until the events giving rise to this action.

16. Since my lawsuit, my have coworkers and supervisors have teased me about my protected activity (EEOC Complaints and lawsuit).

   a. In August 2002, Fire Chief Monroe asked me to go to Atlanta to pick up a ladder truck. While riding with ChiefMonroe, he said everyone at the City had told him he needed to watch out for me because I had sued the City and filed an EEOC Charge. Several months after that, Chief Monroe teased me saying he should not put his hand on my shoulder because I would sue

him.  I complained to him that his remark offended me.

b.    Beginning in February 2003, I experienced a shift change.  My Captain was John Butler.  Captain Butler constantly made comments, along with my coworkers Glen Johnson and Scott McBurney, about my lawsuit and EEOC suit.  When I complained to the Chief that these comments bothered me, the Chief told me not to come in to work early to limit the time I would be around them.  I filed a grievance over these remarks.  The Chief gave the grievance I filed against Captain Butler to Captain Butler for handling.  I have attached a copy of a letter dated June 16, 2003 to th City Manager Bobby Williams expressing my displeasure with the neglect my grievance received.  This is Exhibit 3 to my affidavit.

c.    On June 26, 2003, Captain Butler said to me he better not let me drive truck 27 because he was scared I would sue the City if something happened.  Andy Gray was present when this was said.

d.    I found a "Certificate to Upgrade to Complete A**hole" in my box.  I believe this to be a reference to my complaints of

discrimination and retaliation.

e.    On November 3, 2004, Chief Johnson asked me if I had an agreement with the City about being promoted to Captain. Prior to this question, he asked me for a copy of the job description for the Captain's position.

f.    On November 3, 2003, Sam Thrower questioned me why a lawyer had to be involved in the process for selecting a Captain.

g.    On November 3, 2004, I spoke with Shirley Motley, Acting City Manager/City Clerk, about negative comments being made towards me at the fire department relating to my past complaints of discrimination/legal activity.

a.    On December 6, 2004, Lt. Whaley of the defendant's police department told me that he overheard a group of fireman talking about whether I was going to sue the defendant.

20.    On November 9, 2004, Chief Johnson asked me if I had an agreement due to my lawsuit with the defendant that I would be promoted to the position of Captain when such a position became available. Chief Johnson said other employees kept asking him about this, and he

wanted to know. Following this conversation, Captain Kelley
Meacham asked me about what the Chief and I had spoken. I told
him he asked me again whether I had an agreement with the City
about being promoted.

21. On November 9, 2004, I attempted to schedule a meeting with the
Mayor for the defendant, Oscar Crawley, so that I could complain
about the retaliatory, negative comments I was experiencing
concerning my prior protected activity.

22. On or around November 15, 2004, the Chief Johnson told me that the
City was going to post a vacancy for the position of Captain.

23. On December 3, 2004, I spoke with the Mayor and asked to meet with
him about the retaliation I was experiencing. The Mayor said he
would meet with me on December 6, 2004.

24. On December 4, 2004, I asked Captain Donnie Gillenwaters if he had
haerd anything about the Captain job vacancy. He said to me that
Chief Johnson asked him before he retired if I had an agreement with
the City to be the next Captain. He also said Chief Johnson was not
bound to follow personnel procedures for promoting the Captain.

25. My December 6, 2004, meeting with the Mayor did not occur.

26.    On or about December 8, 2004, a second Captain's position was posted for applications.

27.    On or about December 12, 2004, I found a Garfield cartoon posted on a bulletin board in my workplace. A copy of this cartoon is attached hereto as Exhibit 4. The cartoon had been modified such that the Garfield character was labeled "Terry" and the male owner was labeled "Kelly." I thought the "Kelly" referenced in the cartoon was Captain Kelley Meacham. I found the cartoon to be insulting and to be making fun of my past lawsuit and EEOC Charges. I complained to my Captain that I found this to be offensive. Captain Meacham replied to me that he had already seen the cartoon.

28.    I applied for the vacant Captains positions. I was qualified for the position of Captain. Attached hereto as Exhibit 5 is the positing for the Captain's position posted for the first vacancy.

29.    I was equally or more qualified for the position of Captain than the other applicants seeking the position. On or about December 15, 2005, the Captains' positions were awarded to Tim Jennings and Sam Thrower.

   a.    Mr. Jennings began working for the defendant in February

1992.

b. Mr. Thrower began working for the defendant in February 1994.

c. As Acting Captain, I disciplined/wrote up both of these gentlemen.

d. In comparison, I have not received any discipline/have not been written up.

e. I had strong performance. My performance evaluation for the period of time relevant to my promotion claim is attached hereto as Exhibit 6.

f. My certifications are attached hereto as Exhibit 7.

g. I had performed the job of Captain with commendation prior to these position being posted, where these gentlemen have no

30. The defendant's policies and procedures require that the top three (3) applicants for a position receive interviews. A copy of this policy is attached hereto as Exhibit 8.

31. The defendant's policies and procedures relating to conditions of employment provide that the defendant will give first consideration to promotion to qualified classified employees when filling vacancies

based on 1) quality of past job performance, 2) ability, and 3)

seniority. . A copy of this policy is attached hereto as Exhibit 9.

32. I was selected as one of the top three (3) candidates for the two (2) vacancies for Captain. Captain Kelley Meachum told me that he recommended and selected me for one of the Captain's vacancies. However, I did not receive an interview for the position of Captain in 2004. I have attached hereto as Exhibit 10 a copy of Captain Meacham's letter of recommendation for me for the position.

33. I had greater seniority with the defendant than Mr. Jennings and/or Mr. Thrower.

34. I am unaware of either Mr. Jennings or Mr. Thrower having filed EEOC Charges or lawsuits against the defendant.

35. On December 15, 2005, I met with the Mayor to further discuss not only the comments he was experiencing, but also the denial of my promotion to Captain. The Mayor said I would have another chance to make Captain when the next opening came open. I replied that I did not think the defendant would ever give me that opportunity.

36. On two occasions since filing this lawsuit Fire Chief Jennings told me the City would not post another Captain's position until my lawsuit

was finished.

37. Currently, Hal Shelly is an acting Captain. He has been filling in since Chief Johnson resigned (approximately since late Spring 2005). Mr. Shelly is not a licensed paramedic, and is not a certified Apparatus Operator (which is the slot he fills). He does not have Fire Officer 1 or 2 training. He is merely a licensed EMT. Mr. Shelly began working for the City in 1978. Mr. Shelly did not apply for a Captain's position.

38. I have attached hereto as Exhibit 11 a copy of my resume showing my training and experience.

39. In June 2005, Chief Johnson resigned. Tim Jennings was appointed as interim Chief. Chief Jennings appointed Hall Shelley to be acting Captain. In February 2006, the defendant hired a new Fire Chief. I applied for this position and received an interview. When I applied, on January 23, 2006, during the interview, City Manager Joel Holley asked me why he should say to the City Counsel that they should promote me in light of the fact that I was suing the City. I replied that until a person had walked in my shoes, they should not judge me.

40.    I have reviewed the foregoing and declare that it is true and accurate.

*Terry L Daniel*

Terry Daniel

**STATE OF ALABAMA** )
**JEFFERSON COUNTY** )

Before me, the undersigned, a Notary Public, in and for the County of Jefferson, State of Alabama, personally appeared Terry Daniel whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument with full authority, executed the same.

Given under my hand and official seal this 19 day of August, 2006.

Notary Public *Sarah D Beasley*
My Commission Expires: 2-7-10



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DANIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 3:05cv01110-WKW |
| CITY OF LANETT, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 1 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

75-

**City of Lanett**
Post Office Box 290
Lanett, Alabama 36863

PERSONNEL ACTION FORM

EMPLOYEE'S
NAME _Terry Daniel_       DATE _10-10-94_

POSITION _Lieutenant_       DEPARTMENT _Fire/EMS_

ACTION REQUESTED BY _John Darwick, Jr._

NATURE OF PERSONNEL ACTION:

_____ PAY INCREASE              _____ FILL JOB VACANCY
_____ PROMOTION                _____ PART-TIME
_____ DEMOTION                 _____ PROBATIONARY APPT.
_____ TRANSFER                  _____ TEMPORARY APPT.
_____ SUSPENSION               _____ PERMANENT APPT.
_____ POSITION RECLASSIFICATION
__✓__ OTHER SPECIFY _Change job title - no increase in pay._

SEPARATION:

_____ RESIGNATION
_____ RETIREMENT
_____ LAY OFF
_____ DEATH
_____ DISMISSAL
_____ OTHER SPECIFY _____

EFFECTIVE DATE OF PROPOSED ACTION _____

NARRATIVE OF PERSONNEL
ACTION _Change from Lieutenant Grade VI Step 9 $9.67_
_to Apparatus Operator Grade VI Step 9 $9.67. No change_
_in pay._

APPROVED _____      COMMENTS _____

DISAPPROVED _____      _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DANIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NUMBER: |
| | ) | |
| v. | ) | 3:05cv01110-WKW |
| | ) | |
| CITY OF LANETT, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 2 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

11 —

## Office of the Mayor

# Lanett, Alabama

# CERTIFICATE
# OF
# COMMENDATION

### TERRY DANIEL

WHEREAS, Terry Daniel willingly stepped in at a time of need in the Lanett Fire Department, and

WHEREAS, The City of Lanett, in appreciation of his assuming the duties and responsibilities of Fire Captain, desires to recognize the efforts of Terry Daniel.

I, Henry Osborne, Mayor of the City of Lanett, on behalf of the Lanett City Council do hereby commend Terry Daniel and direct that a copy of this commendation be presented to him.

GIVEN this 25th day of May, nineteen hundred and ninety-five.

In witness where I have hereunto set my hand and caused this seal to be affixed.

_Henry Osborne_



ATTEST: _Shirley B. Motley_

DATE: _May 25, 1995_

## PERSONNEL NOTICE

☐ INITIATED BY CITY          ☐ AT REQUEST OF EMPLOYEE

TYPE OF NOTICE

| EMPLOYEE |  |  |
|---|---|---|
| Terry Daniel | | |
| **DEPARTMENT** | | |
| | Fire Dept. #2 | |
| **SUPERVISOR** | | **NOTICE DATE** |
| Chief Harry Hudson | | 3-29-88 |
| **EFFECTIVE DATE OF CHANGE** | | |

1 - EMPLOYEE PROBLEM
2 - EMPLOYEE COMPLAINT
3 - NOTICE OF CHANGE
4 - REQUEST FOR CHANGE
5 - EMPLOYEE REQUEST
X - COMMENDATION
7 - MISCELLANEOUS NOTICE

**SITUATION IN BRIEF**

F/F Terry Daniel In Charge At Chemical/Paint Fire On Cusseta Road.

**DETAILS**

On March 26, 1988, F/F Terry Daniel was in charge of his shift due to the Captain being out sick. Daniel directed 5 fire fighters in combatting a highly flamable fire which involved paint, lacquer, paint thinner, old tires and some wood. Daniel was responsible for preventing 3 houses from being destroyed from fire.

I, Chief Hudson, want to highly commend Fire Fighter Daniel for a very outstanding job. He is very dedicated to his job and has exemplified the qualifications of a dependable and competent shift leader.

**ACTION TAKEN**

Comendation for a job well done placed in Firefighter Daniel's personnel file.

| DISTRIBUTION | ☐ | RECOMMENDED BY  *Chief Harry C. Hudson* 4/4/88 |
|---|---|---|
| ☐ | ☐ | **DEPARTMENT HEAD** |
| ☒ DEPT. FILES | ☐ | |
| ☐ | ☐ | OTHER |

## PERSONNEL NOTICE

☐ INITIATED BY CITY       ☐ AT REQUEST OF EMPLOYEE

EMPLOYEE

Terry Daniel

**DEPARTMENT**

Fire Department

SUPERVISOR

EFFECTIVE DATE OF CHANGE

**NOTICE DATE**

31 March, 1988  6

**TYPE OF NOTICE**

1 - EMPLOYEE PROBLEM
2 - EMPLOYEE COMPLAINT
3 - NOTICE OF CHANGE
4 - REQUEST FOR CHANGE
5 - EMPLOYEE REQUEST
✗ - COMMENDATION
7 - MISCELLANEOUS NOTICE

**SITUATION IN BRIEF**

Hazardous liquids fire involving approximately 900 gallons of auto paint.

**DETAILS**

On Saturday March 26, 1988 at approximately 1330 hours, the Lanett Fire Department Station 2 responded to an alarm on the Cusseta Road in the Huguley Community. On arrival of the fire department, the fire was found to involve approximately 900 gallons of highly flammable automobile paint, paint thinner and laquer. These flammables were stored in 18 55 gallon drums.

During thie course of this fire we were faced with many hazards, including extreme heat, toxic fumes, live power lines above the fire, the houses near the fire being exposed to the extreme heat and subject to burning, and burning liquid running down hill toward firefighting personnel.

After the fire was brought under control, it was discovered that one of the 55 gallon drums involved had been heated to the point of exploding. In my nine years of firefighting service to the city, I have never had to fight a fire of this nature or severity. It is in my opinion that Mr. Daniel acted in a very professional manner directing the overall fire ground operations in confining and extinguishing the fire, while at the same time assuring the safety of all fire and civillian personnel on the scene.

**ACTION TAKEN**

Place this commendation in Mr. Daniels permanent personnel file.

DISTRIBUTION    ☐

☐ DEPT. FILES    ☐
☐                ☐
☐                ☐

**RECOMMENDED BY**

Kelly Meacham/Captain Lanett Fire Department

**DEPARTMENT HEAD**   4/4/88

Harry Hudson/Chief Lanett Fire Department

OTHER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TERRY DANIEL,                          )
                                       )
    Plaintiffs,                   )
                                       )    CIVIL ACTION NUMBER:
                                       )
v.                                     )
                                       )    3:05cv01110-WKW
                                       )
CITY OF LANETT, ALABAMA,               )
                                       )
    Defendants.                   )

---

## EXHIBIT 3 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

CITY MANAGER BOBBY WILLIAMS
CITY OF LANETT

MONDAY JUNE 16, 2003

You are aware of the grievance I filed previously, which was not properly handled or resolved. I am not satisfied with the response that I have received from Capt. Butler instead of the Chief, in which it was addressed to. According to the policy the individual, which the grievance was filed upon should not conduct the investigation or have any direct or indirect control over the investigation.

I have tried to solve several conflicts within the department, involving myself and other employees. The Chief does not take any action or respond to any of my complaints or grievances. He has not put a stop to any of my complaints; he has also participated on occasion. The grievance I filed that was given to Capt. Butler by the Chief to respond, it should have been answered by the Chief and held confidential. It was responded and answered by the individual that it was filed against due to daily assignments.

One example about the harassment and comments about the past from other shift employees. When I talked to the Chief about this his advice to me was to come in right at 8:00 am when shifts are changing, or sit in my truck until 8:00 am to come in when the shifts are leaving.

When I filed the first grievance the very next shift I was assigned to my regular assignment as A/O, I thought everything was back to normal. I dropped my grievance on May 30, 2003 even though I never got to talk to the city manager. The very next shift I was moved back off my regular assignment as Primary A/O. On Monday June 2, 2003 I questioned Capt. Butler about the assignment he said, he did it because he can. I said that is a form of retaliation and he said he was not discriminating against me.

Capt. Butler said, in his response to my grievance, my complaint does not warrant a grievance process due to I had not been improperly or prejudicially treated. I believe I am being treated improperly and prejudicially, due to shift assignments and harassment.

Since 1994 when I was assigned to this position I worked with several different Captains', each one having made the same assignments. I have never been assigned to a different position while working with these Captain's. Since Capt. Butler has been on my shift my duties have significantly changed. I am being changed from an A/O to a firefighter, which is lower on the chain of command and primary responsibilities of my job description.

Attached are documents pertaining to the grievance process and also the statement from Capt. Butler.

Terry L Daniel
Apparatus Operator

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

TERRY DANIEL,      )
           )
 Plaintiffs,      )
           )  CIVIL ACTION NUMBER:
v.           )
           )  3:05cv01110-WKW
CITY OF LANETT, ALABAMA,  )
           )
 Defendants.      )

## EXHIBIT 4 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



EXHIBIT

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TERRY DANIEL,                          )
                                       )
    Plaintiffs,              )
                                       )          CIVIL ACTION NUMBER:
                                       )
v.                                     )
                                       )          3:05cv01110-WKW
                                       )
CITY OF LANETT, ALABAMA,               )
                                       )
    Defendants.              )

---

## EXHIBIT 5 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POSITION DESCRIPTION

Title:  Fire Captain                    FLSA Status: nonexempt

Dept:  Fire

Job Analysis conducted: April, 1986

Note:  Statements included in this description are intended to reflect
in general the duties and responsibilities of this
classification and are not to be interpreted as being all
inclusive.

## Relationships

Reports to:                  . Fire Chief

Subordinate staff:           Fire Fighters on Shift;
                             Volunteer Fire Fighters

Other internal contacts:     Emergency Medical Services Personnel;
                             Police  Utilities Department Personnel

External contacts:           Insurance Companies; Law Enforcement
                             Agencies; Citizen Groups; Schools;
                             General Public

## Job Summary

Under the general direction of the Fire Chief, supervises and assumes
responsibility for the fire station during assigned shift.  May direct
activity in fire fighting operations.  Performs administrative duties
such as scheduling, supervising maintenance of equipment, conducting
training sessions in fire fighting techniques, and preparing reports.
Participates in fire prevention programs.  May direct reception,
transmission, and recording of radio calls, fire alarms, and testing
of equipment.

## Job Domains

A.  Shift Supervision

1.  Assigns and reviews work of fire fighters on assigned shift.
2.  Insures fire personnel carry out their duties; motivates employees
    to achieve maximum job performance.
3.  Supervises the repair and maintenance of fire fighting apparatus
    and equipment for proper operating order.  Arranges for needed
    repair and maintenance work.
4.  Establishes daily and weekly duty roster regarding station house
    cleaning chores, equipment checks and maintenance.
5.  Prepares or supervises the preparation of shift reports (incident,
    fire loss, activity, etc.).  Maintains daily log of work performed
    during each shift.

B. Fire Fighting

1. Responds to fire calls within jurisdiction; determines best route to fire scene.
2. Performs duties of fire fighter such as driving vehicle, operating pump, etc.
3. Supervises all fire scene activity until arrival of Fire Chief. Directs placement of equipment such as placing of hoses and ladders and rescuing trapped individuals.
4. Recognizes and eliminates life threatening hazards at fire scenes such as toxic chemicals, explosive materials, etc.
5. Supervises overhaul and salvage procedures at fire scene.

C. Facility and Equipment Maintenance

1. Inspects station on frequent basis for orderliness and cleanliness.
2. Maintains equipment, tools, building and grounds; replaces or removes any outdated or damaged equipment or tools; orders supplies.
3. Supervises preventive maintenance procedures on all equipment.
4. Administers appropriate tests on all major equipment, apparatus and hoses.

D. Emergency Medical Treatment

1. Administers basic first aid to accident victims or victims of burns or smoke inhalation.
2. Operates various first aid equipment such as lif-pak, defibrillator, bag-mask, resuscitator, radio telemetry, etc.
3. Teaches CPR classes and emergency medical procedures to schools and civic groups.

E. Miscellaneous

1. Informs the public about fire safety and prevention programs. Delivers lectures and fire prevention programs to schools, and civic, business and professional groups.
2. Assists in planning fire drills for the City, schools and businesses.
3. Assists in training new fire fighters.
4. Arranges tours of fire station.
5. Attends special courses to keep abreast of new fire fighting techniques.

## Knowledge, Skills and Abilities
(Any item with an asterisk will be taught on the job)

1. Knowledge of the principles, techniques and practices of fire fighting, fire prevention, and emergency medical services.
2. Thorough knowledge of equipment and apparatus used in modern fire fighting.

*3. Thorough knowledge of city streets, buildings and fire hydrant location.
*4. Knowledge of city and department rules, regulations and policies and procedures.
5. Verbal skills to communicate effectively with co-workers, to direct operations at fire scene and to deliver lectures and training to groups.
6. Writing skills to complete various forms and reports.
7. Reading skills to understand training materials, correspondence and directives.
8. Math skills to compute basic mathematical functions such as percentages, fractions and decimals.
9. Planning skills to organize training activities, fire safety and prevention programs and fire station tours.
10. Supervisory skills to direct fire fighters at fire scene and to provide guidance in other activities.
11. Ability to analyze situations quickly and adopt effective and reasonable course of action.

## Physical Characteristics

1. See well enough to read materials without error, to drive a vehicle and to operate equipment; corrective lens is acceptable.
2. Hear well enough to understand conversation in person, on the telephone and radio; hearing aid is acceptable.
3. Speak well enough to be understood by fire fighters at a scene and training groups.
4. Body movement or mobility to walk, run, jump, crawl in restricted areas, lift heavy objects and climb ropes and ladders.
5. Strength to lift and carry equipment and people.
6. Use of hands and fingers to write, operate equipment and to grasp tools.
7. Physical tolerance to work in adverse conditions such as extreme heat, cold, rain, fire, smoke and other hazardous conditions.

## Other Characteristics

1. The following fire fighting requirements are specified in the Code of Alabama 36-32-7:
   a. At least 240 hours of formal fire fighting training in a recognized training school, approved by the Commission or the equivalent.
   b. Graduation from an accredited high school or holder of a GED certificate.
   c. Certified by a licensed practicing physician as in good health and physically fit for the performance of duties.
2. Certification in basic Emergency Medical Technician training.
3. Possess a valid drivers license.
4. Willing to work overtime and nonstandard hours.
5. Must have a telephone at residence and carry a radio pager for contact during off-duty hours.
6. Willing to maintain a proficiency in fire operations.
7. Be well groomed, haircut and pressed uniform.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DANIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 3:05cv01110-WKW |
| CITY OF LANETT, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT 6 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO
THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*City of Lanett Employee Performance Review*

# Employee Performance Review

PLEASE PRINT

| Employee Name | *Terry Daniel* | Title | *APPARATUS Operator* |
|---|---|---|---|
| Department | *Fire & Ems* | Employee Payroll # | |

| Reason for Review | (Annual) | Promotion | |
|---|---|---|---|
| | End of Probationary Period | Other | |

| Date employee began present position: | | Date last reviewed: | |
|---|---|---|---|
| Rating Period: | | Date Review Completed | |
| Excused Absences: | | Medical Leave of Absence: | |
| Unexcused Absences: | | Disciplinary Incidents: | |

Evaluator's Instructions: Carefully evaluate employee's work performance in relation to the essential functions of the job. Check Rating box that indicates the employee's performance. Indicate N/A if not applicable. Assign points for each rating within the Scale and write that number in the corresponding Points box. Points will be totaled and averaged for an overall performance score.

Definitions of Performances Ratings

| | Evaluation Score | |
|---|---|---|
| O - Outstanding: Performance is exceptional in all areas and is recognizable as being far superior to others. | 100 - 90 | |
| V - Very Good: Results clearly exceed most position requirements. Performance is of high quality and is achieved on a consistent basis. | 89 - 80 | |
| G – Good: Competent and dependable level of performance. Meets performance standards of the job. | 79 -70 | |
| I - Improvement Needed: Performance is deficient in certain areas. Improvement is necessary. | 69 - 60 | |
| U - Unsatisfactory: Results are generally unacceptable and require immediate improvement. No merit increase should be granted to individuals with this rating. | Below 60 | |

N/A - Not applicable or too soon to rate.

| Evaluator's Signature: | | Employee's Signature: | *Terry L Daniel* |
|---|---|---|---|
| Date: | *25 Jan 05* | Date: | *2-1-05* |

Page 1

## City of Lanett Employee Performance Review

| Employee Name: | Terry Daniel | | Date: 25 Jan 05 |
|---|---|---|---|

| | Rating | Scale | Points | Supportive details or comments |
|---|---|---|---|---|
| Quality<br>The extent to which an employee's work is accurate, thorough and neat. | O<br>V<br>G<br>I<br>U | 100-99<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 2. Productivity<br>The extent to which an employee produces a significant volume of work efficiently in a specified period of time. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 3. Job Knowledge<br>The extent to which an employee possesses the practical/technical knowledge required on the job. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | As a (Apparatus operator) Terry possesses unmatched knowledge. |
| 4. Reliability<br>The extent to which an employee can be relied upon regarding task completion and follow-up. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 5. Attendance<br>The extent to which an employee is punctual, observes prescribed work break/meal periods and has an acceptable overall attendance record. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 6. Independence<br>The extent to which an employee performs work with little or no supervision. | O<br>V<br>G<br>I<br>U | 100-99<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 7. Creativity<br>The extent to which an employee proposes ideas, finds new and better ways of doing things. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |
| 8. Initiative<br>The extent to which an employee seeks out new assignments and assumes additional duties when Necessary. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 75 | For along time Terry has had the attitude that he just wants to come to work do his job and leave. He does not like to volunteer or help with tasks off duty. ? |
| 9. Adherence to Policy<br>The extent to which an employee follows safety and conduct rules, other regulations and adheres to company policies. | O<br>V<br>G<br>I<br>U | 100-90<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | |

| Evaluator's Signature: | | Employee's Signature: | Terry L Daniel |
|---|---|---|---|
| Date: | 25 Jan 05 | Date: | 2-1-05 |

Page 3

## City of Lanett Employee Performance Review

| Employee Name | | Date |
|---|---|---|
| Terry Daniel | | 25 Jan 05 |

| | Rating | Scale | Points | Supportive details or comments |
|---|---|---|---|---|
| **10  Definitions of Performances Ratings** The extent to which an employee is willing and demonstrates the ability to cooperate, work and communicate with coworkers, supervisors, subordinates and/or outside contacts. | O<br>V<br>G<br>I<br>U | (100-90)<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | Willing to work with Anyone to Accomplish task. |

| | Rating | Scale | Points | Supportive details or comments |
|---|---|---|---|---|
| **11  Judgement** The extent to which an employee demonstrates proper judgment and decisions making skills when necessary. | O<br>V<br>G<br>I<br>U | (100-90)<br>89-80<br>79-70<br>69-60<br>Below 60 | 100 | Makes good decisions to Safely Accomplish tasks. |

Rate employee's overall performance in comparison to position duties and responsibilities

| | | | | Outstanding | 100-90 |
|---|---|---|---|---|---|
| | | | | Very Good | 89-80 |
| 107 | 11 | 98 | | Good | 79-70 |
| | | | | Improvement Needed | 69-60 |
| Total Points | + number of factors rated | - Overall Rating | | Unsatisfactory | Below 60 |

Complete all the following sections   (Additional space for comments on page 4)

| 1 | Accomplishments of new abilities demonstrated since last review:   N/A |
|---|---|

| 2 | Specific areas of needed improvement.   Emergency Medicine |
|---|---|

Recommendations for professional development (seminars, training, schooling, etc.) I recommend that Terry improve his skills in Medical Tasing. IF he Achieves Certification as a Paramedic Terry would go to top of the Promotion List.

Goals & Objectives (salaried employees only) Current Goals & Objectives to be evaluated at next Performance Review Date

Employees Comments:

| Discussed with individual on: | 2-5-05 | Employee's Signature: | Terry L Daniel |
|---|---|---|---|
| Follow Up Requested/required | Yes ___ | Date:<br>No ✓ | Follow Up Date: |

| Evaluator's Signature | | |
|---|---|---|
| Date: | 25 Jan 05 | |

| Mayor's Signature | |
|---|---|
| | |

Page 3

## City of Lanett Employee Performance Review

| Employee Name | | Date |
|---|---|---|
| Terry Daniel | | 25 Jan 05 |

### Additional Comments:

Terry is an outstanding Employee, and as an Apparatus operator is unmatched in knowledge. During Fire operations he is the one any shift captain would want to be at his side to make sure all tasks were Accomplished. Unfortunately Fire operations only make-up 5.6% of our call volume. Almost 80% of our calls involve Emergency Medical situations that required Advance Medical Training. Terry has not obtained certification as an Advanced Emergency Medical Tech (Paramedic) and does not want to at this point in his career. It is my belief that if he was a paramedic he would be at the top of the promotion List. (RL)

Additional Remarks: Terry is an outstanding Team player. Even though he's not a Paramedic, he works well with other team members during medical calls. As a EMT he knows exactly what his tasks are and completes them without supervision. (RL)

| Evaluator's Signature: | | Employee's Signature: | |
|---|---|---|---|
| 25 Jan 05 | | Date: | 2-1-05 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY DANIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 3:05cv01110-WKW |
| CITY OF LANETT, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 7 TO AFFIDAVIT OF TERRY DANIEL IN RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



**City of Lanett**
Fire & E.M.S. Departments
Post Office Box 290
Lanett, Alabama 36863

15 February 1986

**TO WHOM IT MAY CONCERN:**

I have been associated with Terry Daniel professionally for the past five years. He is of strong moral character and is dedicated to his duties in fire suppression. Since his appointment to the position of Fire Inspector/Investigator, he has demonstrated a high level of dedication to his responsibilities. He diligently pursues all assignments.

Mr. Daniel is currently enrolled in Firefighter II. His attendance is regular and is always well-prepared for class. He has received additional instruction in cause determination and fire behavior through this class.

I recommend Terry Daniel for certification as Investigator. His demonstrated perseverance and dedication to task will lead to success in this endeavor.

Ralph Cobb, M.Ed
Training Coordinator



**City of Lanett**
Fire & E.M.S. Departments
Post Office Box 290
Lanett. Alabama 36863

Memorandum

To: Bob Walker                    Date:  February 19, 1986

From:  Chief Harry Hudson         Subject:  Recommendation on Terry Daniel

I have known Terry Daniel for about eight years.  He started with the Lanett Fire Department as a Volunteer Fireman and was hired as a full time Firefighter in 1982.  Terry is very active for the Fire Department and has a very good attitude about his job.

Terry has been working for the last 2½ years to better himself in the fire service and the Lanett Fire Department.  He is working on becoming a Fire Inspector/Investigator and has devoted many hours of his own time to schools, inspections on buildings, and classes to make advancement toward becoming a Fire Inspector.

Terry is a good employee for the City of Lanett and cares very much about the people that he serves, the people he works with, and for the Fire Department.

On December 3-6, 1985, Terry completed school at the Fire College and on January 13, 1986, the City Council complimented his schooling as a Fire Inspector.

I, Chief Harry Hudson, would like to say that Terry Daniel would make a very good Fire Inspector/Investigator for our Department and would be one of the steps toward making a better Department to service the Citizens of Lanett.

Sincerely,

Harry C. Hudson, Fire Chief
Lanett Fire Department

HCH/aew



**MAYOR**
Mac H. Langley

**CITY MANAGER**
Charles H. Jennings

**City of Lanett**
Post Office Box 290
Lanett, Alabama 36863

**COUNCILMEN**
Dan Guin
Maynard McGinty
Henry Osborne
Bill Owens
Hoyt Owens

To: Alabama Fire Commission         Date: February 19, 1986

From: Chief James Smith         Subject: Recommendation on Terry Daniel

I have known Terry Daniel for about five years. I became associated with him through the fire department. He is very active and corporative with all personal.

Due to the lack of manpower on the police force, we work together with the fire department, which at this time has only firefighters, and has a need for this position.

Terry has the experience and has been recognized by the City Council as Fire Inspector/Investigator. I along with Henry Davis, State Fire Marshall, have worked together on several occassions, he has gather all information, evidence, and forms needed to investigate.

I would recommend that Terry Daniel be recognized and hold the the position of Fire Prevention/Investigation for the City of Lanett. I feel that he would hold this position with respect and devotion to the City and it's Citizens.

Sincerely,

James A. Smith

James Smith, Police Chief
Lanett Police Department

# APPENDIX F, FIRE INVESTIGATION

1. It is important to determine the cause of all fires. The IC should attempt to determine the cause of all fires. The determination must be based upon facts, observations, and the report of witnesses. Hearsay should never be used as the basis for reporting the determination of cause.

2. When fire investigations are needed and are beyond the IC's level of expertise, one of the following personnel should be contacted:

   Randy Brown
   Terry Daniel

3. Anytime the IC calls for an investigation, a report should be completed by the IC and investigator. An investigation report is not public record and should be kept confidential.

☐ INITIATED BY CITY          ☐ AT REQUEST OF EMPLOYEE

| EMPLOYEE | TYPE OF NOTICE |
|---|---|
| Terry Daniel | 1 - EMPLOYEE PROBLEM |

**DEPARTMENT**
Fire

**SUPERVISOR**
Capt. Sanders

**NOTICE DATE**
1-7-86

**TYPE OF NOTICE**
1 - EMPLOYEE PROBLEM
2 - EMPLOYEE COMPLAINT
3 - NOTICE OF CHANGE
4 - REQUEST FOR CHANGE
5 - EMPLOYEE REQUEST
6 - COMMENDATION
7 - MISCELLANEOUS NOTICE

**EFFECTIVE DATE OF CHANGE**
January 7, 1986

**SITUATION IN BRIEF**

Change Terry's Job Title from Fireman to Fire-Investigator & Inspector

**DETAILS**

F/F Daniel has been to several schools to train and qualify for the position of Fire Inspector and Investigator.

**ACTION TAKEN**

A Change of Job Title is opposed with no new position per pay increase

Charles N. _____

**DISTRIBUTION**

☐ ☐
☐ ☐
☐ DEPT. FILES ☐
☐ ☐
☐ ☐
☐ PAYROLL DEPT. ☐
☐ PERSONNEL DEPT. ☐

**RECOMMENDED BY** Chief Hans C. Hudson

**DEPARTMENT HEAD**

**OTHER**

**SIGNATURE**          **DATE**

**City of Lanett**
Post Office Box 290
Lanett, Alabama 36863

#10

NOTICE TO ALL CITY OF LANETT EMPLOYEES

SEPTEMBER 27, 1994

PROPOSED PERSONNEL POLICY CHANGES

----CHANGE IN JOB DESCRIPTION FROM LIEUTENANT TO APPARATUS OPERATOR

ANY QUESTIONS MAY BE ADDRESSED TO YOUR DEPARTMENT HEAD OR ME.
THIS PROPOSED CHANGE WILL BE CONSIDERED AT THE OCTOBER 3, 1994
COUNCIL MEETING.

SHIRLEY B. MOTLEY
CITY CLERK/PERSONNEL OFFICER



To All Who Shall See These Presents Greeting:

Be it known that     PFC DANIEL TERRY L     has

successfully completed 50 miles of running and is

a member of the

"Run For Your Life"

50 Mile Club

Given at Fort Benning, Georgia on

this   29TH   day of   JUNE    19



WILLIAM J. LIVSEY
Major General, USA
Commanding



**1st Advanced Individual Training Brigade Infantry**

Be it known that

PFC DANIEL TERRY L

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

B COMPANY    3RD BATTALION

has successfully completed

Infantry Advanced Individual Training

At The United States Army Infantry Center

and that in testimony

thereof is awarded this

Diploma

Given at Fort Benning, Georgia, on this the

29TH day of JUNE nineteen hundred and seventy-EIGHT



Colonel of Infantry
Commanding



RELENTLESS IN TRAINING · UNYIELDING IN BATTLE

FB Form (AIT) 21  9 Mar 76

# ALABAMA STATE FIRE COLLEGE

SHELTON STATE COMMUNITY COLLEGE

# CERTIFICATE

Terry L. Daniel

has satisfactorily completed    15    hours of study prescribed for

BASIC FIREMANSHIP TRAINING
SECTION I

and is hereby granted this

this    14th    day of    March    , 19 82

_Wayne Teague_
SUPERINTENDENT OF EDUCATION

_R. E. Taylor_
PROGRAM DIRECTOR

_Les Sumner_
PRESIDENT

_W. W. Smith_
COORDINATOR / INSTRUCTOR



# ALABAMA

## Fire Fighters' Personnel
## Standards and Education Commission

In recognition of successful completion
of the required course of study awards this

### FIRE FIGHTER I

# CERTIFICATE

to

*Terry L. Daniel*

this *12th* day of *November 1982*.

Chairman of Commission



Executive Director

Certificate Number **F** 1478



# Chattahoochee Valley Community College

## Division of Continuing Education

"SEMINAR IN ARSON INVESTIGATION"

*This certificate is awarded to*

TERRY DANIEL

*who has successfully completed a* ___ 6 ___ *hour program*

*given this* ___ 14th ___ *day of* OCTOBER 19 83

_____
Chattahoochee Valley Community College

_____
Director, Continuing Education Division
Chattahoochee Valley Community College

# ALABAMA STATE FIRE COLLEGE

SHELTON STATE COMMUNITY COLLEGE

has satisfactorily completed 14 hours of study prescribed for

WATEROUS PUMP REPAIR AND MAINTENANCE

TERRY DANIEL

and is hereby granted this

# CERTIFICATE

this ___5th___ day of ___April___, 1983

_R E Hoyle_
**PROGRAM DIRECTOR**

_Leo Sumner_
**PRESIDENT**

_____
**COORDINATOR/INSTRUCTOR**



# EAST ALABAMA EMERGENCY MEDICAL SERVICE

In recognition of

**D.O.T. First Responder Training**

ARMY CORPS OF ENGINEERS
WEST POINT, GEORGIA/LANETT, ALABAMA
SUMMER, 1984

## Certificate of Completion

is hereby awarded to

TERRY DANIEL

_____
Medical Director

_____
Clinical Coordinator

_____
Jim Pollard, Administrator

# ALABAMA STATE FIRE COLLEGE

## SHELTON STATE COMMUNITY COLLEGE

TERRY DANIEL

has satisfactorily completed 28 hours of study prescribed for

## FIRE AND ARSON INVESTIGATION

and is hereby granted this

# CERTIFICATE

this _25th_ day of _May_, 19 _84_

_Wayne League_
SUPERINTENDENT OF EDUCATION

_R E Hays_
PROGRAM DIRECTOR

_Les Sumner_
COORDINATOR / INSTRUCTOR

PRESIDENT

# ALABAMA STATE FIRE COLLEGE

## SHELTON STATE COMMUNITY COLLEGE

TERRY L. DANIEL

*has satisfactorily completed* 26 *hours of study prescribed for*

ADVANCED FIRE AND ARSON INVESTIGATION

*and is hereby granted this*

# CERTIFICATE

*this* 17TH *day of* MAY , 19 85

_____
PROGRAM DIRECTOR

_____
COORDINATOR/INSTRUCTOR

_____
PRESIDENT

# State of Alabama

 

# EMERGENCY MANAGEMENT AGENCY

awards this certificate to

## TERRYL DANIEL

for the successful completion of a course of study

in

# HAZARDOUS MATERIALS AWARENESS

_____ Instructor    _____ Director

Date ___ DECEMBER 4, 1985 ___

# Alabama State Board of Health

24516

THIS IS TO CERTIFY that a license is hereby granted by the STATE BOARD OF HEALTH

To    TERRY L. DANIEL

AMBULANCE DRIVER

Located in _____ CHAMBERS _____ County, Alabama

and is subject to the provisions of Act 1590, Regular Sessions 1971 Legislature. This license shall not be Assignable or Transferable and shall be subject to revocation as specified in Part II - The License, Section D of the STATE BOARD OF HEALTH, RULES, REGULATIONS AND STANDARDS, EMERGENCY MEDICAL SERVICES.

THIS license Shall Expire    APRIL 30, 1988

IN WITNESS WHEREOF, I have here unto set my hand this 16TH day of APRIL 19 85

_Geo. L. Myers_
STATE HEALTH OFFICER    M.D.

LICENSE No. 8524516