IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 AUG 29 P 2: 42

| | |
|---|---|
| TERRY DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:05cv1110-F |
| ) | |
| CITY OF LANETT, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION FOR MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, City of Lanett, Alabama, by and through its attorney of record, and responds to the Plaintiff's opposition to the Defendant's Motion for Summary Judgment.

**1.   Daniel has still failed to establish a prima facie case of retaliation.**

The Plaintiff alleges that since his EEOC claim of 1999 and 2000 lawsuit, he has taken several actions, which he believes to be protected activity. In 2002, he states he complained about Fire Chief Monroe's teasing of how Mr. Daniel's lawsuit offended him and in 2003, he filed a grievance and a letter of complaint about retaliation and harassment from his captain, John Butler. In November of 2004, he complained to Shirley Motley, the acting city manager/city clerk, about retaliatory comments. In November and December of 2004, he allegedly complained to the Mayor about retaliatory

comments and on December 12, 2004 complained about a Garfield cartoon. (See Plaintiff's Opposition Brief at Page 12).

In reviewing Mr. Daniel's personnel file, there is no indication of any complaints of Fire Chief Monroe who has long been gone from the City of Lanett even prior to the captain's positions which are the basis of Mr. Daniel's present lawsuit.

Further, the grievance in 2003 was in May or June of 2003, at which time Mr. Daniel had an assignment change from one fire truck to another for one day. Mr. Daniel filed a written memorandum to Chief Jeff Monroe on June 3, 2003 (See Daniel Memorandum attached as Exhibit "A") due to his being moved from his usual assignment as apparatus operator. At that time, Captain Butler responded on June 11, 2003 to Mr. Daniel's grievance in that he believed Mr. Daniel had withdrawn the grievance. (See Butler Memorandum to Terry Daniel of June 11, 2003 attached as Exhibit "B"). In that memorandum, Captain Butler explains to Mr. Daniel that there were seven personnel on duty the day he was changed, of which three were in paramedic school until 1:00p.m., and that Mr. Daniel was one out of four personnel providing services to the community until they returned from school. Later that morning Mr. Daniel went out of town on an out-of-town transfer. Given the circumstances of the day, Mr. Daniel was assigned the duties that provided the best possible service to the citizens of Lanett. Further, the City, Mayor, and Council held a grievance hearing subsequent to these issues and on July 9, 2003 upheld the response from Captain John Butler. (See letter of July 9th attached as Exhibit

"C"). However, at the time the 2003 incident occurred, it had no basis of any thing to do with Mr. Daniel's prior complaints, prior EEOC complaints, or prior lawsuits. As Captain Butler's memorandum states, it was basically to give the best possible service to the City of Lanett. Mr. Daniel clearly is highly sensitive to any change in his job and further is very sensitive to any statements or comments about his EEOC complaints and lawsuit. As it is clear from the record, every time Mr. Daniel has applied for the captain's position and has not obtained it even when he was previously not in the top three he has filed an EEOC complaint or a lawsuit regarding this. Nonetheless, the Plaintiffs also claim internal complaints of retaliation in November and December of 2004, which are not documented in his personnel file and are also subsequent to the EEOC charge, which the City responded to.

**2.  The Plaintiff still has no proof of causation.**

Mr. Daniel has still failed to provide any evidence, direct, circumstantial, or otherwise to support his allegation that his failure to merit the promotion was in retaliation against his protected activities. As stated in the Defendant's original brief, Mr. Daniel neglected to mention in his complaint the five other applicants who were also not awarded the promotion nor has he alleged whether those applicants did or did not have protective activities of their own. Further, as stated in the affidavit of Mayor Crawley and the attachments thereto, Mr. Daniel was not the only person who had acted as a "fill-in" captain and had years of experience. However, there was another applicant who also had

the same type of qualifications as Mr. Daniel and he was also not selected as a captain. Further, Mr Daniel's only allegation of causation regarding time lapse is the June and July 2003 allegation regarding change in job placement for one day. The Defendant contends that his allegation of causation to his prior EEOC complaints and lawsuit is weakened by a large lapse of time between his alleged activity and the adverse employment action. In the *Breech vs. Alabama Power Company* case, 962 F. Supp. 1447, 1461 (S.D. Ala. 1997), more than a year passed between the alleged protective activity and the discharge. Plaintiff's discharge was not temporally close enough to support an inference of causal connection. Thus, even in the situation at hand, from June or July of 2003 until the November 2004 posting for captain's position is still more than a year in time and should not be close enough to support inference of causal connection. Mr. Daniel's allegations of complaints are merely his statements and there is no other supporting evidence of those alleged complaints. Further, Mr. Daniel's EEOC complaint about the Garfield cartoon was not made until after the decision to promote Jennings and Thrower to captain. Thus, the Plaintiffs' claim in their brief where it states, "Furthermore, the fact that Mr. Daniel was denied one of the two captain's positions so shortly after his November and December complaints of retaliation suggest causation." This claim does not hold true in light of the fact that Mr. Daniel's complaints regarding the EEOC complaint and the Garfield cartoon and any other alleged complaint, based upon the Defendant's knowledge, was made subsequent to the City's information regarding the captain's

positions.

Further, Plaintiff ignores the fact that in January of 2000, Chief Ralph Cobb left the City of Lanett to become the fire chief for the City of Madison, Alabama. He was replaced by Chief Randy Brown. Chief Brown was responsible for selecting the top three candidates for the captain's position, which came open in February of 2000. Mr. Daniel previously testified that he had known Chief Randy Brown since 1978. (See deposition of Daniel, Page 219 attached as Exhibit "D"). Chief Brown had served as Daniel's captain for a number of years and Daniel described his relationship with Chief Brown as "real good". (See deposition of Daniel, Page 220 attached as Exhibit "E"). Mr. Daniel was not aware of any negative actions which had ever been taken against him by Chief Brown. (See deposition of Daniel, Page 227 attached as Exhibit "F"). However, Mr. Daniel did not apply for the captain's position that came open in February of 2000. At that time, Chief Brown selected the top three and John Butler was selected to fill the captain's position by Bobby Williams in February of 2000. Thus, the Plaintiff in their brief by arguing that the Defendant "seized the first opportunity Mr. Daniel presented to it to retaliate against him" is incorrect. The Defendant did not retaliate against Mr. Daniel and Mr. Daniel has not proved that the adverse employment decision in any way was proximately caused by his prior complaints or lawsuit.

Further, Daniel's allegation of being offended by the Garfield cartoon provides no reasonable grounds by which a jury could find that his employer denied him promotion in

retaliation for being offended. In fact, Daniel failed to give notice to his supervisors, file a grievance, or otherwise alert his employers of any offense or charge of discrimination. (See previously offered Affidavits of Chief Johnson attached as Exhibit "G" and Captain Kelley Meacham attached as Exhibit "H"). By Daniel's own admission, the only person he claims to have complained to about the complaint is the very person he also says recommended him for promotion. (See Plaintiff's Complaint, Paragraphs 42 & 50 attached as Exhibit "I"). Even assuming Daniel's allegations to be correct, there is no evidence that his undocumented complaint about a cartoon at work was grounds for retaliation. See Galloway, 2006 WL 1327808 at 4, 5 (granting summary judgment to defendant employer in retaliation/harassment suit, holding that while statements of co-workers including penis jokes might be "juvenile, crude, and unprofessional", they were not made by supervisors and did not alter the terms and conditions of plaintiff's employment). Daniel's allegations of complaints and other undocumented complaints do not present other facts over which there is a genuine material dispute nor has he supplied evidence of any other possible causely link. In this case, the Plaintiff has failed to provide any set of facts, in which a finding of causation could exist to establish a prima facie case of retaliation. As such, dismissal by summary judgment is appropriate as a matter of law.

**3.     Daniel fails to provide evidence that the adverse employment decision was done by pretext.**

The Plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that the reason is a pretext for retaliatory conduct. *Galloway*, 2006 WL 1327808 at 3. If the reason is one that might motivate a reasonable employer, the Plaintiff can not recast the reason, but must meet it head on and rebut. *Wilson vs. B/E/Aerospace, Inc.*, 376 F. 3d 1079, 1088 (11th Cir. 2004).

The Defendant has provided a legitimate, non-retaliatory reason for the decision to offer the promotion to someone other than Mr. Daniel. Mayor Crawley received a recommendation from Chief Johnson that a captain should be a paramedic because of the percentage of ambulance calls versus the amount of fire calls. (See Affidavit of Mayor Oscar Crawley, Page 2 attached as Exhibit "J"). Mayor Crawley has stated that the selection process was based upon the recommendation of the fire chief. Mr. Daniel has admitted that Thrower and Jennings, the two candidates who were promoted, were qualified for the job. (See Complaint, Paragraphs 45-46 attached as Exhibit "I"). However, Daniel has failed to allege that either Thrower or Jennings lack paramedic certifications or that Daniel in fact had such qualifications. Further, Plaintiff appears to want to argue that this is a new position as to Mr. Daniel. However, in Mr. Daniel's prior lawsuit, which Plaintiff continues to point to the Court's order regarding the Defendant's Motion for Summary Judgment, Fire Chief Cobb, prior to the 2002 lawsuit, discussed with the Plaintiff that his lack of patient care was part of his reasoning in why he did not obtain the captain's position at that time. (See deposition of R. Cobb, Pages 57-58

attached as Exhibit "K"). Mr. Cobb testified that in his experience it had been consistent with Daniel that he was reluctant or refused to render direct patient care or document patient care. (See deposition of Cobb, Pages 57-58, 66 attached as Exhibit "K"). Thus, although the position of paramedic was not discussed, it is not a new position that Mr. Daniel will not work toward patient care, which is the majority of the calls by the Lanett Fire Department. Further, as stated by Chief Anthony Johnson in his affidavit,

> "Terry Daniel is an outstanding employee as an apparatus operator. Unfortunately fire operations only make five to six percent of the call volume....Terry has not obtained certification as an advanced emergency medical technician or paramedic and does not want to at this point in his career. It is my belief that if he were a paramedic, he would be at the top of the promotion list. This has been told to Terry in his evaluation of February 1, 2005."

(See Affidavit of Chief Anthony Johnson attached as Exhibit "G"). Thus, there is no question that Mr. Daniel is a good employee as an apparatus operator. However, the decision maker, Chief Anthony Johnson, who decided the top three did not feel that Mr. Daniel was in the top three for the position of captain. Chief Johnson's top three were the ones submitted to the Mayor and City Manager for interviews and selection.

The Defendant will now respond to the Plaintiff's statements regarding why they believe this was a pretext:

### 1. This is only circumstance where paramedic certification was used in the selection of a Captain.

Although the job description for the position of captain does not require the captain to be a paramedic, the fact that Mr. Daniel was not a paramedic was used in Chief Johnson's determination as to who he would select for the top three. The time that has run from Mr. Daniel's prior EEOC complaints and lawsuit and the fact that he still has not done anything towards trying to obtain his continued medical education or paramedic education appears to show that the Defendant was not using it as a pretext, but was merely trying to select the most proper, most qualified person for the position based upon their opinion. This opinion was then submitted by the Chief to the Mayor for interview and decision.

The Chief stated in his memorandum to the Mayor, "Two of our candidates have been with the City for over thirty-five years combined and have well documented **fill-in** (bold in memo) command experience, but have never gained a certification of paramedic. All applicants have fire certifications." (See Affidavit of Mayor Oscar Crawley attached as Exhibit "J"). Thus, showing that Mr. Daniel was not the only applicant who had fill-in experience as captain and also many years of experience, but did not gain a certification of paramedic. Mr. Daniel wants the Court to only look at the fact that he was not chosen. However, the other applicant was not chosen either. Further, as stated previously, a February 2000 position opened for captain and Mr. Daniel did not even apply for that

position when someone that he admits to having a good working relationship with was who would have selected the position. Further, in Mr. Daniel's January 25, 2005, performance evaluation, it shows Mr. Daniel for the most part being an outstanding employee. However, specific areas of needing improvement was emergency medicine. Recommendations by Chief Johnson was as follows: "I recommend that Terry improve his skills in medical training. If he achieves certification as a paramedic, Terry would be on the top of the promotion list." (See Performance Review attached as Exhibit "L").(See also Affidavit of Chief Anthony Johnson attached as Exhibit "G").

Further, the fact that Hal Shelly is serving as an interim captain as has Mr. Daniel does not mean that he has been given the full-time captain's position. Mr. Daniel has previously filled-in for captain, but it does not mean he was ever given the captain's position.

The Plaintiff fails to state to the Court that the City of Lanett operates under a chain of command. In this chain of command, the line up is fire chief, captains, apparatus operators, and then fire fighters. (See Standard Operating Procedure attached as Exhibit "M") Hal Shelly and Terry Daniel are both apparatus operators. Thus, when there is a captain's position vacant for any type time period, an apparatus operator will step into that position as an interim captain. Thus, the reason Mr. Daniel has been a fill-in captain in the past. Therefore, the fact that Hal Shelly is acting as an interim captain is merely going through the chain of command and has nothing to do with whether or not he would

be qualified to be a full-time captain.

Thus, the Defendant would state the position that this is not a pretext, but merely a factor in deciding by the department head as to who to select for the top three and to suggest to the Mayor and City Manger.

**2.     Defendant did not follow its policies and procedures.**

The Plaintiff merely is incorrect in their statements regarding not following policies and procedures. In this case, the two captains submitted their thoughts to the chief. However, the Chief is the department head and he selects the top three. There is no evidence that the Mayor and/or City Manager did not interview the top three selections by the Chief. To the contrary, Mayor Crawley in an amended affidavit, which is attached as Exhibit "N", did interview the top three candidates and two were selected for the two positions of captain. Mr. Daniel further wants to take the position that he was the most senior qualified applicant. Although he may be the most senior applicant, this does not mean he is the most qualified applicant for the job. The Defendant does not take the position that Mr. Daniel is not qualified as an apparatus operator and may be a fill-in captain. However, it was the Defendant's position by way of the department head, Chief Anthony Johnson, with whom Mr. Daniel has shown no evidence of any prior complaints or retaliation or other problems, decided that the top three persons he would recommend for the position did not include Mr. Daniel. Thus, Mr. Daniel's argument about the City not following its policies and procedures is incorrect and is not evidence of any alleged

pretext.

**3.     One of the decision makers was a person about who Mr. Daniel had complained of retaliation.**

As stated previously, Captain Butler is who Mr. Daniel now claims has retaliated against him. However, Mr. Butler gave his recommendation as did Kelley Meacham who is a friend of Mr. Daniel, to the Chief. (See Affidavits of Mayor Crawley attached as Exhibit "J" and Chief Johnson attached as Exhibit "G"). However, the policies and procedures of the City of Lanett are that the department head i.e. fire chief makes the decision as to who is selected to be the top three to submit to the city manager and/or mayor. That was done in this situation. Therefore, even if Captain Butler had allegedly retaliated against Mr. Daniel, he was not the final decision maker as to whom would be the top three. Chief Johnson was who made the top three decisions. Therefore, the recommendations of Captain Butler were merely a recommendation to the Chief and the Chief made the final decision. Therefore, there is no evidence of pretext based upon Captain Butler.

**4.     Remarks of the Defendant's agents and officers prior and subsequent to the decisions challenged in this action suggest a retaliatory motive.**

The Plaintiff argues that different alleged statements that are alleged only by Mr. Daniel and are undocumented are enough to be circumstantial evidence of retaliatory motive and suggest pretext. The Plaintiff cites the Court to Mr. Daniel's prior lawsuit, in

which some statements by former Chief Cobb made the issue of pretext a jury question. In this case, there is no documented testimony by any source of any statements to Mr. Daniel regarding the captain's position making the basis of this lawsuit. The prior remarks by Chief Cobb are not relevant. Further, present City Manager Joel Holley in response to Mr. Daniel's most recent EEOC complaint submitted an affidavit regarding his recollection of the interview for the fire chief's position. (See Affidavit of Joel Holley attached as Exhibit "O"). Mr. Holley states,

> "The city council requested that I conduct interviews of all the applicants from the fire department. However, my input would have no true determination as to whether or not the city council retained any persons from the fire department that applied for position of fire chief or whether they would hire someone from outside the department and even outside the City of Lanett.
> During the interview of Mr. Daniel, I did not retaliate toward him and in my opinion the interview was very friendly.
> I did ask Mr. Daniel if there was anything he wanted me to say to the council regarding his position with the fire department. However, this was done in light of the fact that Mr. Daniel is suing the City and I felt the question would be raised. However, I did not do it in retaliation and basically was just asking for what information he

wanted me to provide to the city council.

At the time of Mr. Daniel's alleged retaliation complaint to the EEOC, the Mayor and council had not made a determination as to who will be the fire chief. Therefore, Mr. Daniel has not been retaliated against nor has any type of action been improperly taken against him at the time of his retaliation claim of February 22, 2006. Lastly, I have no say in the determination regarding the selection of the fire chief. In a classified position, the City Manager does have the determination. However, in an unclassified position as required by the personnel handbook, the mayor and council determine the unclassified positions such as fire chief and I have no involvement."

Thus, due to Mr. Daniel's complaints and lawsuit, a question was asked as to what to tell the council. However, it was not done in retaliation, but merely in a question format, which based upon Mr. Holley's recollection was friendly in nature.

Therefore, there is no evidence of any alleged statements that would be circumstantial evidence of any type of retaliatory motive or pretext.

Therefore, clearly the Defendant has shown that the Plaintiff's claims do not survive summary judgment is due to be granted.

        Respectfully submitted,

        _/s/ T. Randall Lyons_
        T. RANDALL LYONS (LYO006)
        Attorney for Above-named Defendant

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the 29th day of August, 2006 via United States Mail, postage prepaid:

Heather Newsom Leonard
Heather Leonard, P.C.
2108 Rocky Ridge Road, Suite One
Birmingham, AL 35216

        _/s/_
        OF COUNSEL