## AFFIDAVIT OF CHIEF ANTHONY JOHNSON

My name is Anthony Johnson, I am the chief of the fire department of the City of Lanett, Alabama.

I am over the age nineteen and have personal knowledge of the things and facts making the basis of this affidavit.

It is my understanding that Terry L. Daniel is making a claim that he has been subjected to a hostile work environment since filing a complaint with the EEOC and preceding with a lawsuit in 1999. Further, it is my understanding he claims that on December 12, 2004, he came to work and found a "Garfield" cartoon on the bulletin-board with himself marked as Garfield and Captain Meacham, his supervisor, marked as another character.

First, I have no knowledge of the alleged cartoon and did not see anything that resembles what Mr. Daniel is speaking about.

Further, Mr. Daniel at no time made any complaint to me or to my knowledge a complaint to his captain about harassment or discrimination at any point since my becoming chief.

Further, Mr. Daniel never made any complaint to me or to his captain about the alleged cartoon.

To my knowledge, Mr. Daniel came to me and asked by way of the chain of command to go see the Mayor. After his meeting with the Mayor, the Mayor then asked me about the cartoon. I then went and met with Captain Kelley Meacham and told him



EXHIBIT
6

that we were not to have any other actions like this.

To my knowledge, Captain Meacham stated that there was a cartoon at one point, but when it was seen by Mr. Daniel, everyone laughed including Mr. Daniel.

Nonetheless, I told the Captain that there would be no more activities such as this and that none would be tolerated.

As part of my administration as chief of the fire department, we have a standard operating procedure with a chain of command, which is as follows: Chief, Captain, Apparatus Operator, Firefighter/Paramedic, and Volunteer. An employee is to go through the chain of command with any grievance or complaint. In this situation, Mr. Daniel never went through the chain of command or allowed notice to any person of any alleged discrimination or harassment.

The City of Lanett in the employee personnel handbook has employee guidelines, policies, and procedures. Part of this includes a grievance procedure. The grievance procedure includes the following:

Step 1.

a. Within five working days after the employee knows or should have known of an alleged violation, or misapplication, of a City of Lanett personnel rule, regulation, or procedure, the employee should discuss the grievance with his/her department head.

b. The department head is required to furnish the employee an answer within five working days of this initial meeting.

Step 2.

a. Within five working days from receipt of the department head's decision or non-response, the employee has the right to appeal the decision to the city manager.

b. The city manager will furnish the employee an answer within five working days of this appeal.

Step 3.

a. Within ten working days of receipt of the city manager's decision, the employee has the right to evaluate his/ her grievance to the Lanett City Council.

b. The city counsel will furnish the employee an answer within five working days of this appeal.

Step 4.

a. Within ten working days of receipt of the city council's decision, or non-response, the employee has the right to elevate his/her grievance to the Lanett Personnel Review Board, which has been created to serve as an appeal body for employee grievances in the city grievance process. The board will hear cases involving demotions, suspensions, involuntary separations, and rule violations that are in accordance with these procedures.

b. The appeal will be presented to the board in writing and shall contain:

(1) a statement of the rules, regulations, or procedures that have been violated or misapplied, with the dates and descriptions of such violations or misapplications, or the disciplinary action that is being appealed;

(2) the specific remedy which is being sought;

(3) previous supervisory decisions; and

(4) a notice of appeal of those decision.

c. The employee will be allowed to appear before the board with reasonable representation of his/her choice if he/she desires.

d. The board will hear the employee's grievance, gather pertinent documents, interview witnesses as necessary, and prepare a written statement of fact.

e. Within ten working days of the hearing, the board will make the final determination in the case. The decision of the board is final.

However, based upon my knowledge, Mr. Daniel never went through the grievance procedure as provided by the City of Lanett in making a complaint.

Also, I have reviewed Mr. Daniel's city personnel file. I see no grievance filed with the city for any problems resulting in December of 2004.

Therefore, we as a part of the City of Lanett had no chance to correct any alleged problems.

Further, Terry Daniel is an outstanding employee as an apparatus operator. Unfortunately, fire operations only make five to six percent of our call volume. Almost eighty percent of our calls involve emergency medical situations that require advance medical training. Terry has not obtained certification as an advance emergency medical technician or paramedic and does not want to at this point in his career. It is my belief that if he were a paramedic, he would be at the top of the promotion list. This has been told to Terry in his evaluation of February 1, 2005.

JUN 3 2006

Further and the affidavit saith not.

_____
Chief Anthony Johnson, Fire Department
Chief of the City of Lanett, Alabama

State of Alabama
County of Lee

SWORN TO and subscribed before me on this _25_ day of _May_ , 2005.

[SEAL]

_____
NOTARY PUBLIC
My Commission Expires on : _____

MY COMMISSION EXPIRES JUNE 27,

RECEIVED
JUN - 8 2005