IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY DANIEL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF LANETT, ALABAMA, ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER: <br><br> 3:05cv01110-WKW |

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EVIDENTIARY
SUBMISSION IN SUPPORT OF DEFENDANTS' REPLY BRIEF

COMES NOW the Plaintiff and respectfully requests the issuance of an order by this Honorable Court striking Defendants' Evidentiary Submission in Support of Defendants' Reply Brief.

As grounds for this motion, the Plaintiff states as follows:

1. This is a suit for retaliation in violation of violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA"), and sec. 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). The Defendant denied the Plaintiff a promotion

1

to the position of Captain in December 2004 to retaliate against him for filing EEOC Charges, filing a federal lawsuit alleging unlawful retaliation, and for making subsequent complaints of retaliation.

2. The Evidentiary Materials attached to the Defendant's reply brief should be stricken because they were not filed with the Defendant's initial summary judgment submission, and the Plaintiff is not allowed a sur-reply brief..

3. The Plaintiff will be prejudiced by the Defendants' filing of evidentiary materials.

   a. The Plaintiff must be allowed a "reasonable and meaningful opportunity to challenge a motion for summary judgment." Burns v. Gadsden State Community College, 908 F.2d 1512, 1516 (11th Cir. 1990). This is especially true in the context of an employment discrimination case. Grigsby v. Reynolds Metals Co., 821 F.2d 590, 593-94 (11th Cir. 1987)

   b. When the Defendant presents additional evidence after the Plaintiff has responded to the Defendant's motion for summary judgment, the Plaintiff is denied a meaningful opportunity to

respond to said motion for summary judgment. The Defendant should not be allowed to file evidence with the Court to which the Plaintiff has no opportunity to respond.

c. It would be proper for this Court to strike the new evidence which does not comply with this Court's Scheduling Order. <u>Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.</u>, 754 F.2d 404,410 (1st Cir. 1985). The Plaintiff requests that this Court strike the Evidentiary Materials in question due to the fact that Plaintiff does not have an opportunity to respond to this newly filed evidence.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff respectfully requests the issuance of an order striking the Defendants' Evidentiary Submission in Support of the Defendant's' Reply Brief.

    Respectfully submitted,

    <u>/s/ Heather Newsom Leonard</u>
    Heather Newsom Leonard
    COUNSEL FOR PLAINTIFF
    HEATHER LEONARD, P.C.
    The Gross Building
    2108 Rocky Ridge Road
    Suite 1
    Birmingham, AL 35216

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served upon all counsel of record on August 31, 2006, through the Court's CM/ECF system:

T. Randall Lyons
WEBSTER, HENRY & LYONS, P.C.
P.O. Box 239
Montgomery, AL 36101

                              /s/ Heather N. Leonard
                              Of Counsel