IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TERRY DANIEL,** | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No.: 3:05cv1110-F |
| **CITY OF LANETT, ALABAMA,** | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE EVIDENTIARY SUBMISSIONS

COMES NOW the Defendant, City of Lanett, Alabama, by and through its attorney of record, and respectfully request the Court to deny the Plaintiff's Motion to Strike Evidentiary Submissions in Support of the Defendant's Reply Brief. As grounds therefore, the Defendant would state as follows:

Counsel for the Defendant will go through each of the attached exhibits to the reply brief.

1. Exhibits A, B, & C deal with the June 2003 incident, in which Mr. Daniel was moved from his assigned truck to another truck for one day. Counsel for Plaintiff raised this as retaliation against Mr. Daniel in their response to the Defendant's Motion for Summary Judgment. The Defendant merely wanted the Court to have all the documents regarding this issue such as the response and finding of the City and not just Mr. Daniel's

grievance. Therefore, this has not raised a new issue, in which the Plaintiff has no way to respond, but merely gives the facts and details of the grievance of Mr. Daniel from June of 2003. Therefore, Defendant's Exhibits A, B, and C to the reply brief should not be stricken.

2.  Exhibits D, E, and F are deposition exerts from Mr. Daniel. Clearly, these deposition exerts were taken from Mr. Daniel's prior lawsuit and they should be in his possession. Again, these are documents that are merely in support of statements Mr. Daniel has previously made and are not a new argument in the Defendant's reply brief. The issue this responds to is the statement made by the Plaintiff's attorney regarding the Defendant jumping at the first chance to retaliate against Mr. Daniel. This is merely to show that there was a position open in February of 2000 that Mr. Daniel did not even apply for.

3.  Regarding Exhibits G, H, I, J, and K, which is the Affidavit of Chief Anthony Johnson, the Affidavit of Kelley Meacham, Mr. Daniel's Complaint, the Affidavit of Mayor Oscar Crawley, and the deposition exerts of Ralph Cobb, these were all attached to the original Motion for Summary Judgment and should not be stricken.

4.  Exhibit L, the Performance Review, is a document that was signed by Mr. Daniel and was mentioned in the original Motion for Summary Judgment, but was not attached. Further, this was attached to the Plaintiff's affidavit and documents. Therefore, there is no new evidence that the Plaintiff is not able to respond to. Therefore, this is not

due to be stricken.

5.  Regarding Exhibit M, the Standard Operating Procedure, Mr. Daniel's counsel made an issue as to who was the acting captain at this point in an attempt to show that the City was not using the standards that were used against Mr. Daniel. Mr. Daniel as a long time City of Lanett employee is very aware of the standard operating procedure as to the chain of command. Therefore, this is merely in response to the Plaintiff's argument and does not raise a new argument on behalf of the Defendant, but just replies to it. Therefore, the Defendant would argue that this is not due to be stricken.

6.  Regarding Exhibit N, the Amended Affidavit of Mayor Crawley, Plaintiff's counsel has asked to have this affidavit stricken. The only purpose for Mayor Crawley's amended affidavit was that the Plaintiff took the position in their brief that the City did not follow its procedure in interviewing the top three candidates. However, in the original affidavit of Mayor Crawley, the Mayor did state he made the interviews and selected the top two. However, counsel for the Defendant did not feel like the affidavit was clear enough as to the fact that the top three were recommended and interviewed. That is the soul purpose of Mayor Crawley's amended affidavit and it also shows that Mayor Crawley had no prior knowledge of Mr. Daniel's lawsuit or EEOC complaints. Therefore, again, this does not raise a new issue and should not be stricken.

7.  Lastly, regarding Exhibit O, the Affidavit of Joel Holley, Plaintiff's counsel in their response to Defendant's Motion for Summary Judgment raised motive and for the

first time discussed an allegation by the Plaintiff that the City Manager retaliated against him in an interview for the position of fire chief. The City has already responded to Mr. Daniel's EEOC Complaint regarding this claim and the affidavit of Mr. Holley was used in response to the EEOC Complaint. To date, the EEOC still has not made a finding regarding Mr. Daniel's claims. However, the Plaintiff wishes to argue statements made by Mr. Holley as motive when that was never plead or discussed prior to the filing of the Motion for Summary Judgment. Therefore, the Affidavit of Mr. Holley merely gives both sides of the interview and gives the fact that Mr. Holley had no decision making factor in the decision of fire chief. Therefore, again, this does not raise any new issues, in which the Plaintiffs have no chance to respond, but merely gives support to the entire facts, in which to determine the issue of summary judgment.

Therefore, the Defendant would respectfully request the Court to deny the Plaintiff's Motion to Strike. However, clearly, some of the Defendant's evidence was previously attached to the original Motion for Summary Judgment and is not due to be stricken and other portions are attached to the Plaintiff's evidentiary materials, which are not due to be stricken.

Respectfully submitted,

  /s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date of September 1, 2006, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

Heather Newsom Leonard
Heather Leonard, P.C.
2108 Rocky Ridge Road, Suite One
Birmingham, AL 35216

                                  /s/ T. Randall Lyons
                                  OF COUNSEL